UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )        2:18-CR-00017-DCLC-CRW
                               )
      v.                       )
                               )
BRANDON JOSEPH THORPE,         )
                               )
            Defendant.         )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Brandon Joseph Thorpe's *pro se* Motion to Appoint Counsel [Doc. 1989] and *pro se* Motion for Compassionate Release [Doc. 2071]. The Federal Defender Services of Eastern Tennessee have reviewed Defendant's case and have filed a Notice that it will not file a supplemental motion at this time. [Doc. 2088]. The United States (the "Government") responded in opposition to Defendant's Motion [Doc. 2089], and the matter is now ripe for resolution. For the reasons stated herein, Defendant's motions [Docs. 1989, 2071] are **DENIED**.

I.      **BACKGROUND**

On April 24, 2018, Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, and one count of possession of a firearm in furtherance of the drug trafficking offense. [Doc. 375]. On August 9, 2018, this Court sentenced Defendant to a total term of 248 months' imprisonment, followed by a five-year term of supervised release [Doc. 526]. Defendant is currently housed at FCI Berlin, and his projected release date is May 22, 2036. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/

1

(last visited July 13, 2026).  Earlier this year, Defendant requested compassionate release from the warden.  This request was denied. [Doc. 2089-2].  Thereafter, Defendant filed the motion for compassionate release that is currently before the Court.  The United States opposes Defendant's motion and argues that he does not meet the requirements for compassionate release [Doc. 2089].

## II.     LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009).  The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).  Exhaustion of the administrative remedies is a "mandatory condition" to

---

[1]     The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as he is 36 years old and has only served approximately one year in BOP custody. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

## III. ANALYSIS

The Government does not dispute that Defendant has satisfied the procedural exhaustion requirement. Rather, the Government argues that he has not shown that compassionate release would be consistent with the substantive requirements of Section 3582(c)(1)(A). The Court, in turn, will address the two requirements for defendant-filed motions: (1) whether extraordinary and compelling reasons exist and (2) whether the applicable Section 3553(a) factors warrant a sentence reduction.

### A. Extraordinary and Compelling Reasons

Defendant requests compassionate release for three reasons: (1) because he can "better manage" his mental and physical health at home; (2) to care for his minor son and ailing mother;

3

and (3) because his sentence "would be over if sentenced today." [Doc. 2071, pg. 6]. None of the foregoing, either alone or taken together, constitute extraordinary and compelling reasons warranting a sentence reduction.

First, Defendant's medical conditions do not support compassionate release. The Application Notes to § 1B1.13 provides that medical conditions are extraordinary and compelling when the defendant is suffering from: (1) "a terminal illness;" (2) "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or (3) "a medical condition that requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b). In his request for compassionate release to the warden, Defendant explained that he suffers from "Generalized Anxiety Disorder, Unspecified Bipolar and Related Disorder, Posttraumatic Stress Disorder, Nightmare Disorder, Severe Opioid Use Disorder, Major Depressive Disorder, Constipation, Cluster Headaches, and Hemorrhoids." [Doc. 2071-2, pg. 3]. He is also pre-diabetic. [*Id.*]. None of these conditions qualify as a terminal illness. Further, Defendant is fully able to provide self-care while incarcerated. [*See* Doc. 2089-3 (BOP records designating Defendant as Care Level 1, meaning he is "healthy or [needs only] simple chronic care"); Doc. 2071-1 (Defendant's proposed release plan, explaining that he does not "require assistance with self-care.")]. And Defendant does not allege that any form of medical care is not being provided to him. Accordingly, Defendant does not have any medical circumstances that qualify as extraordinary and compelling reasons for compassionate release.

Moving next to Defendant's family circumstances, Defendant has not demonstrated that compassionate release is warranted as a result of his mother's health. The guidelines notes that

4

either "the death or incapacitation of the caregiver of the defendant's minor child" or "the incapacitation of the defendant's parent when the defendant would be the only available caregiver" serve as extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13(b)(3)(A), (C). His mother, who is the caregiver of his minor son, has "COPD (Chronic Obstructive Pulmonary Disease); DDD (Degenerative Disc Disease); Allergic Asthmatic; Fibromyalgia" and she is "a borderline diabetic." [Doc. 2071-2, pg. 6]. While these medical conditions are no doubt serious, neither she nor Defendant alleges that she is incapacitated and unable to care for either herself or Defendant's son. *See United States v. Sharp*, No. 3:09-CR-72-TAV-DCP-1, 2025 WL 1646260, at *3 (E.D. Tenn. June 10, 2025) ("'Incapacitation' within the meaning of § 1B1.13(b)(3) typically means that the individual is 'completely disabled' and 'cannot carry on any self-care' or 'is totally confined to a bed or chair.'").

Finally, Defendant seeks compassionate release because his sentence "would be over if sentenced today." He does not explain the basis for this argument, and the Court is not aware of any change in the sentencing guidelines or statutory mandatory minimums that would result in a lower sentence for his offenses if sentenced today.

In sum, Defendant has failed to present any extraordinary and compelling reasons which would warrant compassionate release.

### B. Applicable § 3553(a) Factors

Even if the foregoing qualified as extraordinary and compelling, the Section 3553(a) factors do not support a sentence reduction. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"). Defendant distributed 50 grams or

5

more of methamphetamine and possessed a firearm in furtherance of that offense. Congress established a combined mandatory minimum term of imprisonment of 15 years for these offenses; nevertheless, in part due to Defendant's criminal history, Defendant had an advisory guideline range well above the mandatory minimum. Based on his applicable criminal history category of IV and an offense level of 37, the Court calculated Defendant's guideline range as 352-425 months. Still, the Court sentenced him below that range to 248 months' imprisonment followed by a five-year term of supervised release. [Docs. 462, 526]. Defendant has served only 97 months of his sentence, or roughly 40 percent. [*See* Doc. 2089-1].

In consideration of the foregoing, a sentence reduction would be inconsistent with the purposes of the § 3553(a) factors. Releasing Defendant at this time would undermine the statutory mandatory minimum and would create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Granting compassionate release after Defendant has served less than half of his term would not reflect the seriousness of the drug trafficking and firearm offenses, promote respect for the law, provide just punishment, or adequately deter Defendant or others from engaging in criminal conduct involving drugs or firearms. *See* 18 U.S.C. § 3553(a)(2). Additionally, the sentence imposed must protect the public from further crimes of the Defendant. § 3553(a)(2)(c). And despite Defendant's efforts towards rehabilitation, the BOP has classified him at a "high risk recidivism level." [Doc. 2089-3]. Thus, a sentence reduction would be inconsistent with the relevant § 3553(a) factors.

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, Defendant's *pro se* Motion for Compassionate Release [Doc. 2071] is **DENIED**.

Defendant also filed a motion seeking the appointment of counsel. [Doc. 1989]. Because the Federal Defender Services of Eastern Tennessee reviewed Defendant's case and motion for compassionate release, Defendant's motion [Doc. 1989] is **DENIED AS MOOT**.

       **SO ORDERED:**


                      s/ Clifton L. Corker
                      United States District Judge